# ORIGINAL

OTSUKA & ASSOCIATES
A LIMITED LIABILITY LAW COMPANY

JUNSUKE OTSUKA   #5960
DAVID SQUERI #8714
50 South Beretania St., Suite C203
Honolulu, Hawaii  96813
Telephone:  (808) 537-4030
Facsimile:  (808) 356-0825
Email: Otsuka@beikokuhou.com
Email: Squeri@beikokuhou.com

Attorneys for Creditor
SHIGEZO HAWAII, INC.

FILED
U.S. BANKRUPTCY COURT
DISTRICT OF HAWAII

2011 SEP -8  A 11: 16

MICHAEL B. DOWLING
CLERK OF COURT

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:                                            ) | CASE NO.  11-02112 |
|                                                   ) | CHAPTER 7 |
| MUNEHIRO YAMADA,                                  ) | |
|                                                   ) | |
| Debtor.                                           ) | |
|                                                   ) | Judge: Hon Robert J. Faris |
|                                                   ) | |
|                                                   ) | **11-90075** |
|                                                   ) | |
| _____  ) | |
|                                                   ) | Adv. No. _____ |
| SHIGEZO HAWAII, INC., a Hawaii                    ) | |
| Corporation,                                      ) | NOTICE OF REMOVAL |
|                                                   ) | |
|                         Plaintiff,                ) | |
|                                                   ) | |
|     vs.                                           ) | |
|                                                   ) | |
| SOY TO THE WORLD                                  ) | |
| INCORPORATED, a Hawaii                            ) | |
| Corporation; INOC CORPORATION,                    ) | |
| a Hawaii Corporation, dba SOY TO                  ) | |

THE WORLD; EMI YAMADA, dba )
HANA SOY; MUNEHIRO )
YAMADA; YUJI IWATA; )
YOSHIHIRO WATANABE; FUJIYA )
HONPO, INC., a Hawaii Corporation; )
ADAMAYS LLC; John Does 2-20; )
Jane Does 1-20; Doe Partnerships 1- )
20; Doe Corporations 1-20; Doe )
Government Entities 1-20; )
)
                 Defendants. )
)

## NOTICE OF REMOVAL

To:   THE HONORABLE ROBERT J. FARIS, UNITED STATES
BANKRUPTCY JUDGE; ALL PARTIES IN CIVIL NUMBER 08-1-2586-
12 (RAN), FIRST CIRCUIT COURT OF THE STATE OF HAWAII; THE
CLERK OF THE FIRST CIRCUIT COURT OF THE STATE OF HAWAII;
AND THE CLERK OF THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

PLEASE TAKE NOTICE that Creditor SHIGEZO HAWAII, INC., by and

through its counsel, Otsuka & Associates, A Limited Liability Law Company, as

the Plaintiff in *Shigezo Hawaii, Inc. v. INOC Corporation, dba Soy to the World*

*Incorporated, Emi Yamada, dba Hana Soy, Munehiro Yamada, Yuji Iwata;*

*Yoshihiro Watanabe, Fujita Honpo, Inc., Adamays LLC, and Doe Defendants*,

Civil No. 08-1-2586 (RAN), First Circuit, State of Hawaii (hereinafter, "Removed

Case"), hereby removes the Removed Case to the United States Bankruptcy Court

for the District of Hawaii in accordance with Rule 9027 of the Federal Rules of

Bankruptcy Procedure, 28 U.S.C. §1334(a), 28 U.S.C. §157(a) and 28 U.S.C.

2

§1452(a), LR 1070.1(c) Court and respectfully represents as follows:

1.      The Removed Case was commenced in Hawaii Circuit Court of the First Circuit on December 15, 2008. , Plaintiff and Creditor SHIGEZO HAWAII, INC. filed its Complaint. Defendant and Debtor MUNEHIRO YAMADA was a party defendant in a civil action for fraudulent conveyance and a nonjury trial was set for August 1, 2011.

2.      On July 31, 2011, a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed by Defendant and Debtor MUNEHIRO YAMDA in the United States Bankruptcy Court for the District of Hawaii, Case No. 11-02112.

3.      On August 1, 2011, A Notice of Bankruptcy Stay was filed in regards to the Removed Case.

4.      Thus, when the Chapter 7 case commenced, the Removed Case was pending before the First Circuit Court of the State of Hawaii ("State Court"). The civil action, until the filing of this Notice of Removal was still pending before the State Court.

5.      The Removed Case involves a judgment creditor's claims for fraudulent conveyance of assets against the Debtor, and other named and unnamed individuals that conspired with Debtor to conceal and fraudulently transfer assets of the Debtor. It is claimed therein that the Debtor and his spouse, with the aid and

assistance of the said co-conspirators, worked to hide assets to frustrate the collection efforts of the judgment creditor/plaintiff's collections efforts.

6.    The claims and causes of action of the Removed Case are related to the Bankruptcy case and have a clear and direct impact on the property of the estate under 11 U.S.C. §541. Resolution of the claims asserted in the Civil Action will significantly affect the administration of the estate and would involve the allowance or disallowance of the claims against the estate, determination of the attempt to obtain the property of the state and a proceeding affecting the liquidation of assets of the estate and the adjustment of the debtor/creditor relationship, dischargeability of the claims. Such proceedings against Debtor are core proceedings under 28 U.S.C. §157(A), (B), (E), (K) and (O). While the proceedings against other non-debtors defendants are not a core proceeding within the meaning of 28 U.S.C. §157(b), but is instead a case which otherwise related to a case under Title 11 within the meaning of 28 U.S.C. §157(c).

7.    Pursuant to Bankruptcy Rule 9027(a)(1), the Creditor do consent to the entry of final orders of judgments by bankruptcy judge.

8.    The Removed Case, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court; and is not a civil action by a governmental unit to enforce such governmental unit's police or regulatory power as referred in 28 U.S.C §1452(a);

4

thus, upon showing that the United States District Court for the District of Hawaii (the "District Court") has jurisdiction of the action under 28 U.S.C. §1334 the Removed Case may be removed.

9. The Removed Case include claims "related to" a bankruptcy case within the meaning of 28 U.S.C. §1334(b). As the Removed case is a civil case related to the Bankruptcy Case, the District has jurisdiction of the Removed Case pursuant to 28 U.S.C. § 1334(b).

10. Therefore, pursuant to 28 U.S.C. § 1452(a), the instant case may be removed to the District Court, as the District Court has jurisdiction of such claim or cause of action under 28 U.S.C. §1334.

11. As permitted by Bankruptcy Rule 9027(a)(2)(B), this Notice of Removal is being timely filed before 30 days after entry of the order terminating the automatic stay with respect to the Removed Case.

12. True and correct copies of all process and pleadings (as narrowly defined by Federal Rules of Civil Procedure Rule 7(a)), filed prior to removal from the court where the removed case is pending shall be attached to the Process and Pleadings Accompanying Notice of Removal filed contemporaneously with this Notice of Removal.

13. Promptly after the filing hereof, the undersigned shall file a copy of this Notice with the Clerk of the First Circuit Court of the State of Hawaii and to

the parties pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure.

14.     Wherefore, Creditor removes the action in its entirety now pending in the First Circuit Court of the State of Hawaii, to the District Court and, by reference and local rules, from the District Court to the Bankruptcy Court.

DATED:    Honolulu, Hawaii, September 8, 2011.

_____
JUNSUKE OTSUKA
DAVID SQUERI
Attorneys for Creditor
SHIGEZO HAWAII, INC.

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NO.**<br>**11-90075** |
|---|---|

| **PLAINTIFF(S)**<br><br>SHIGEZO HAWAII, INC., a Hawaii Corporation | **DEFENDANT(S)**<br><br>SOY TO THE WORLD INCORPORATED, a Hawaii Corporation, et al. |
|---|---|
| **ATTORNEY(S)** (Firm Name, Address, Telephone No.)<br><br>JUNSUKE OTSUKA #5960-0<br>DAVID SQUERI #8714-0<br>50 South Beretania Street, Suite C203, Honolulu, HI 96813<br>TEL: (808) 537-4030 | **ATTORNEY(S)** (If Known)<br><br>Donald L. Spafford, Jr. #6188<br>Pauahi Tower, Suite 470<br>1003 Bishop Street<br>Honolulu, HI 96813<br>TEL: (808) 532-6300 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☑ Creditor   ☐ Trustee    ☐ Other | **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee<br>☐ Creditor   ☐ Trustee    ☐ Other |

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

On October 6, 2008, Judgment was entered in favor of SHIGEZO and, jointly and severally against INOC Corp., a Hawaii Corporation and MUNEHIRO YAMADA in the amount of $141,865.40 in the Circuit Court of the First Circuit, State of Hawaii. Thereafter, MUNEHIRO YAMADA and his spouse EMI YAMADA, with the aid and assistance of additional conspirators named in the complaint, have used various business/legal entities, alter egos, tradenames, and fraudulent transference of assets schemes to frustrate and defeat the collection efforts of Judgment creditor, SHIGEZO.

### NATURE OF SUIT

(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

*Note: Only a complaint including an objection to discharge under 11 U.S.C. § 727 will defer the clerk's entry of the debtor's discharge in bankruptcy. A complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 does not affect the entry of a discharge with respect to other debts.*

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 – Recovery of money/property - § 542 turnover of property
☐ 12 – Recovery of money/property - § 547 preference
☐ 13 – Recovery of money/property - § 548 fraudulent transfer
☐ 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 – Dischargeability - § 523(a)(5), domestic support
☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 – Dischargeability - § 523(a)(8), student loan
☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)
☐ 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
☐ 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☑ 01 – Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand: $ $141,865.40 (Judgment Amount) |

**Other Relief Sought:**

Legal Interest ( 10%) as of Judgement Date of October 6, 2008 + Attorney Fees and Costs + Punitive Damages + Lost profits + Appointment of Receiver for Assets + Other and further relief as this court deems just and proper

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Munehiro Yamada | BANKRUPTCY CASE NO.<br>11-02112 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>HAWAII | DIVISION OFFICE | NAME OF JUDGE<br>Hon. Robert J. Faris |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Junsuke Otsuka (otsuka@beikokuhou.com)<br>David Squeri (squeri@beikokuhou.com) | |
| DATE<br>September 8, 2011 | | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.