OTSUKA & ASSOCIATES
A LIMITED LIABILITY LAW COMPANY

JUNSUKE OTSUKA   #5960
DAVID SQUERI #8714
50 South Beretania St., Suite C203
Honolulu, Hawaii  96813
Telephone:  (808) 537-4030
Facsimile:   (808) 356-0825
Email: Otsuka@beikokuhou.com
Email: Squeri@beikokuhou.com

Attorneys for Creditor
SHIGEZO HAWAII, INC.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: | CASE NO.  11-02112 |
| | CHAPTER 7 |
| MUNEHIRO YAMADA, | |
| Debtor. | |
| | Judge: Hon Robert J. Faris |
| | |
| | Adv. No. 11-90075 |
| SHIGEZO HAWAII, INC., a Hawaii Corporation, | |
| | PLAINTIFF SHIGEZO HAWAII, INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF JUNSUKE OTSUKA; EXHIBIT "1" |
| Plaintiff, | |
| vs. | |
| SOY TO THE WORLD INCORPORATED, a Hawaii Corporation; INOC CORPORATION, a Hawaii Corporation, dba SOY TO | |

| | |
|---|---|
| THE WORLD; EMI YAMADA, dba HANA SOY; MUNEHIRO YAMADA; YUJI IWATA; YOSHIHIRO WATANABE; FUJIYA HONPO, INC., a Hawaii Corporation; ADAMAYS LLC; John Does 2-20; Jane Does 1-20; Doe Partnerships 1-20; Doe Corporations 1-20; Doe Government Entities 1-20;<br><br>          Defendants. | HEARING DATE<br>DATE: November 18, 2011<br>TIME: 2:00 PM<br>JUDGE: Hon. Robert J. Faris |

### PLAINTIFF SHIGEZO HAWAII, INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Comes now Plaintiff SHIGEZO HAWAII, INC., by and through its counsel, Otsuka & Associates, A Limited Liability Law Company, hereby moves for leave of the Court to file Supplemental Complaint in substantially the form attached hereto as Exhibit "1"

The removed state action is a fraudulent conveyance action. Supplemental Complaint essentially seeks to add a Section 523 claim objecting to Debtor Munehiro Yamada's discharge as to Plaintiff's claim.

This motion is based upon Federal Rules of Civil Procedure, Rule 15(c) as incorporated by Federal Rules Bankruptcy Procedure, Rule 7015 and is supported by the attached memorandum in support of Motion submitted herewith, exhibits, declaration attached hereto, as well as the file and records herein.

        DATED: Honolulu, Hawaii, September 9, 2011.

/s/ JUNSUKE OTSUKA

JUNSUKE OTSUKA
DAVID SQUERI
Attorneys for Creditor
SHIGEZO HAWAII, INC.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br><br>MUNEHIRO YAMADA,<br><br>Debtor. | CASE NO. 11-02112<br>CHAPTER 7<br><br>Judge: Hon Robert J. Faris |
| SHIGEZO HAWAII, INC., a Hawaii Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SOY TO THE WORLD INCORPORATED, a Hawaii Corporation; INOC CORPORATION, a Hawaii Corporation, dba SOY TO THE WORLD; EMI YAMADA, dba HANA SOY; MUNEHIRO YAMADA; YUJI IWATA; YOSHIHIRO WATANABE; FUJIYA HONPO, INC., a Hawaii Corporation; ADAMAYS LLC; John Does 2-20; Jane Does 1-20; Doe Partnerships 1-20; Doe Corporations 1-20; Doe Government Entities 1-20;<br><br>Defendants. | Adv. No. 11-90075<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

# I. INTRODUCTION

This Memorandum is filed in support of Plaintiff's SHIGEZO HAWAII, INC.'s Motion for Leave to File Supplemental Complaint.

# II. STANDARD OF LAW

> (d) Supplemental Pleadings.
> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Federal Rules of Civil Procedure, Rule 15(d).

# III. FACTS

On May 29, 2007, Plaintiff filed a Complaint against INOC CORPORATION, a Hawaii Corporation, dba SOY TO THE WORLD and MUNEHIRO YAMADA (hereinafter, collectively "INOC") in an action entitled, *Shigezo Hawaii, Inc. v. INOC Corporation et al.*, Civil No. Civil No.07-1-0977-05 (KSS), First Circuit Court, State of Hawaii. Plaintiff alleges that during the pendency of the said litigation, Defendants INOC CORPORATION, MUNEHIRO YAMADA, EMI YAMADA, YUJI IWATA; YOSHIHIRO WATANABE, FUJIYA HONPO, LTD., formed a common law partnership where they would share the profits of the Soy to the World business while shielding it from SHIGEZO's collection activates.

2

The said conspiracy consisted of YOSHIHIRO WATANABE and YUJI IWATA holding the Tofu-making machinery assets of Defendant INOC, and manufacturing of soy product at the premise of FUJIYA while leasing it back to MUNEHIRO YAMADA and EMI YAMADA so that they can sell it under their various *alter egos* or as FUJIYA;'s product.  MUNEHIRO and EMI have used various legal entities and tradenames to frustrate and defeat the collection efforts of Judgment creditor, SHIGEZO.   These *alter egoes* include SOY TO THE WORLD, INC., ADAMAYS, LLC, Eco Motions, LLC, Daizu-Tei.  The tradenames used include hanaSoy.  Recently, it is known that their product is being sold under FUJIYA.

INOC was allowed to become insolvent, which is clear from the fact that they were evicted from Manoa Market Place in April of 2009.  Right before the Judgment, MUNEHIRO and INOC CORPORATION created documents to feign the transfer the tofu making machinery to YOSHIHIRO WATANABE, in order to shield it from SHIGEZO's attachment.   Subsequently the tofu making machinery was later purportedly conveyed jointly to YOSHIHIRO WATANABE and YUJI IWATA to further shield these assets from SHIGEZO's attachment, and to allow the YAMADA's to profit from its use while avoiding collection action.
On October 6, 2008, a Judgment was entered in favor of SHIGEZO and against INOC Corporation, a Hawaii Corporation, dba Soy to the World and MUNEHIRO

3

YAMADA, jointly and severally, in the amount of $141,865.40 in the Circuit Court of the First Circuit, State of Hawaii. Defendants INOC CORPORATION, MUNEHIRO YAMADA, EMI YAMADA, YUJI IWATA; YOSHIHIRO WATANABE, FUJIYA HONPO, LTD., and Doe Defendants knew or should have known that SHIGEZO would be attempting to collect the Judgment against YAMADA and INOC.

On October 9, 2008, SOY TO THE WORLD INOCRPORATED was incorporated in the State of Hawaii only three days after the judgment, during the ten day automatic stay on collection activities imposed under Hawaii Revised Statutes §641-3 and Hawaii Rules of Civil Procedure Rule 62(a), showing clear intent to fraudulently convey assets. Upon information and belief, INOC Corporation owned the tradename, Soy to the World, and therefore consented for SOY TO THE WORLD INCORPORATED to use the name Soy to the World. After the judgment of said litigation, SOY TO THE WORLD INCORPORATED, MUNEHIRO YAMADA, EMI YAMADA, YUJI IWATA; YOSHIHIRO WATANABE, FUJIYA HONPO, INC. and Doe Defendants currently possess, control, and use in the course of business, assets previously owned by INOC due to transference of INOC's assets.

A nonjury trial was set for August 1, 2011, but in order to avoid a judgment for fraudulent conveyance, on July 31, 2011, a voluntary petition under Chapter 7

4

of the United States Bankruptcy Code was filed by Defendant and Debtor MUNEHIRO YAMDA in the United States Bankruptcy Court for the District of Hawaii, Case No. 11-02112.

## IV.   ARGUMENTS

Pursuant to Federal Rule of Civil Procedure 15(d), the court may permit a party to supplement his or her complaint in order to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998) (internal quotations omitted). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., 668 F.2d 1014, 1057 (9th Cir. 1982). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (per curiam) (internal citations and quotation marks omitted). The district court has "broad discretion" in

5

ruling on a Rule 15(d) motion. See Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). In considering whether to allow a plaintiff to file a supplemental complaint, the district court should consider the same factors relevant to a motion to amend a complaint: (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. See Foman v. Davis, 371 U.S. 178, 182 (1962).

In this case the Section 523 claims could not have been brought in State Court. The claim became mature upon filing of bankruptcy by Debtor. The motion is brought before the 60 day deadline after the meeting of creditors. Thus, there is absolutely no delay in motion. The movant had been litigating the fraudulent conveyance by debtor since 2008 and is not acting in bad faith or with a dilartory motive. This supplemental complaint is not related to any attempt to correct any deficiencies in the original complaint. There no prejudice to Defendant MUNEHIRO YAMADA because this claim be brought without leave of court in an ordinary adverse proceeding. The issue regarding the fraudulent conveyance has been pending since 2008 and the claim is not futile.

6

## V. CONCLUSION

It is respectfully requested that this Court grant Plaintiff motion in its entirely.

DATED: Honolulu, Hawaii, September 9, 2011.

/s/ JUNSUKE OTSUKA

JUNSUKE OTSUKA
DAVID SQUERI
Attorneys for Creditor
SHIGEZO HAWAII, INC.

7

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br><br>MUNEHIRO YAMADA,<br><br>Debtor. | CASE NO. 11-02112<br>CHAPTER 7<br><br><br>Judge: Hon Robert J. Faris |
| SHIGEZO HAWAII, INC., a Hawaii Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SOY TO THE WORLD INCORPORATED, a Hawaii Corporation; INOC CORPORATION, a Hawaii Corporation, dba SOY TO THE WORLD; EMI YAMADA, dba HANA SOY; MUNEHIRO YAMADA; YUJI IWATA; YOSHIHIRO WATANABE; FUJIYA HONPO, INC., a Hawaii Corporation; ADAMAYS LLC; John Does 2-20; Jane Does 1-20; Doe Partnerships 1-20; Doe Corporations 1-20; Doe Government Entities 1-20;<br><br>Defendants. | Adv. No. 11-90075<br><br>DECLARATION OF JUNSUKE OTSUKA |

DECLARATION OF JUNSUKE OTUSKA

I, JUNSUKE OTSUKA, declare and states:

1. I make this Declaration based on personal knowledge and am competent to testify to the matters discussed therein.

2. That I am an attorney at Otsuka & Associates, A Limited Liability Law Company, and licensed to practice law before all Courts in the State of Hawaii.

3. That I am the attorney for Plaintiff SHIGEZO HAWAII, INC. in this case.

4. That Exhibit "1" is the proposed Supplemental Complaint.

8. That I have read the above-stated facts and I declare under penalty of perjury that they are true to the best of my belief, knowledge and information at this time.

DATED: Honolulu, Hawaii, September 9, 2011.

/s/ Junsuke Otsuka
_____
JUNSUKE OTSUKA