OTSUKA & ASSOCIATES
A LIMITED LIABILITY LAW COMPANY

JUNSUKE OTSUKA   #5960
DAVID SQUERI #8714
50 South Beretania St., Suite C203
Honolulu, Hawaii  96813
Telephone:  (808) 537-4030
Facsimile:   (808) 356-0825
Email: Otsuka@beikokuhou.com
Email: Squeri@beikokuhou.com

Attorneys for Creditor
SHIGEZO HAWAII, INC.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.  11-02112 |
| | ) | CHAPTER 7 |
| MUNEHIRO YAMADA, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | Judge: Hon Robert J. Faris |
| | ) | |
| | ) | |
| | ) | |
| | ) | Adv. No. 11-90075 |
| SHIGEZO HAWAII, INC., a Hawaii | ) | |
| Corporation, | ) | PLAINTIFF SHIGEZO HAWAII, |
| | ) | INC.'S SUPPLEMENTAL |
| Plaintiff, | ) | COMPLAINT TO DETERMINE |
| | ) | DISCHARGEABILITY OF DEBT |
| vs. | ) | PURSUANT TO 11 U.S.C. § 523 |
| | ) | |
| SOY TO THE WORLD | ) | |
| INCORPORATED, a Hawaii | ) | |
| Corporation; INOC CORPORATION, | ) | |
| a Hawaii Corporation, dba SOY TO | ) | |

EXHIBIT "1"

| | |
|---|---|
| THE WORLD; EMI YAMADA, dba HANA SOY; MUNEHIRO YAMADA; YUJI IWATA; YOSHIHIRO WATANABE; FUJIYA HONPO, INC., a Hawaii Corporation; ADAMAYS LLC; John Does 2-20; Jane Does 1-20; Doe Partnerships 1-20; Doe Corporations 1-20; Doe Government Entities 1-20; | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

PLAINTIFF SHIGEZO HAWAII, INC.'S SUPPLEMENTAL
COMPLAINT TO DETERMINE DISCHARGEABILITY OF
DEBT PURSUANT TO 11 U.S.C. § 523

Comes now Plaintiff SHIGEZO HAWAII, INC., by and through its counsel, Otsuka & Associates, A Limited Liability Law Company, for a complaint to determine the dischargeability of a debt pursuant to section 523(a)(2)(A) and (a)(6) of the Bankruptcy Code, hereby alleges and avers as follows:

INTRODUCTION

1. This adversary proceeding relates to the fraudulent transfer of assets of company which was known as INOC CORPORATION, a Hawaii Corporation, dba SOY TO THE WORLD which was owed by Defendant MUNEHIRO YAMADA ("YAMADA") to third parties.

2. SHIGEZO's claim against YAMADA is not dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).

3. This PLAINTIFF SHIGEZO HAWAII, INC.'S SUPPLEMENTAL

2

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523 incorporates by reference all claims and allegations of the original COMPLAINT filed on December 15, 2008 against YAMADA and co-conspirators in *Shigezo Hawaii, Inc. v. INOC Corporation, dba Soy to the World Incorporated, Emi Yamada, dba Hana Soy, Munehiro Yamada, Yuji Iwata; Yoshihiro Watanabe, Fujita Honpo, Inc., Adamays LLC, and Doe Defendants (*Civil No. 08-1-2586 (RAN)) in The Circuit Court of the First Circuit, State of Hawaii, and thereafter removed to the United States Bankruptcy Court for the District of Hawaii (Adv. No. 11-900754) on September 8, 2011.

## THE PARTIES

4. SHIGEZO is a corporation duly formed and existing under the laws of the State of Hawaii, with is principal place of business in City and County of Honolulu.

5. YAMADA is the Debtor in the above-captioned Chapter 7 proceeding, which commenced on July 31, 2011, in the United States Bankruptcy Court for the District of Hawaii, as Case No. 11-02112.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(2), 28 U.S.C. § 1334 and 11 U.S.C. § 523.

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

8. Venue is appropriate in the Bankruptcy Court for the District of Hawai`i pursuant to 28 U.S.C. § 1391(b) and 1409(a) because the events giving rise to SHIGEZO's claims occurred in this district.

## FACTUAL BACKGROUND

9. YAMADA incorporated a company called INOC CORPORATION, a Hawaii Corporation, dba SOY TO THE WORLD ("INOC") on or about March 28, 2005 and, having gathered funds from investors, and the company began with the approximate net value of $350,000.

10. In 2006-2007, INOC operated a soy product store called SOY TO THE WORLD which was located in Manoa Market Place in Manoa in the Island of Oahu.

11. INOC owned and was in possession of a commercial-grade tofu-making machine imported from Japan and with this product generated revenue for INOC and YAMADA.

12. The tangible assets of INOC were worth approximately $146,350.

13. INOC's wholesale customers included Don Quiote, Shirokiya, Marukai, Nijiya Marketplace, Rokkau, Suntory, Odoriko, Tsukuneya, Miyako, Shokudo, Gazen, Hakkei, Inaba, Momono, Menchankotei, Pacfikool, and Furusato (hereinafter "Wholesale Customers"). It also had retail sales in Manoa.

14. The goodwill of INOC was worth approximately $150,000.

15. On May 29, 2007, SHIGEZO filed a Complaint against INOC and YAMADA in an action entitled, *Shigezo Hawaii, Inc. v. INOC Corporation et al.*, Civil No. Civil No.07-1-0977-05 (KSS), First Circuit Court, State of Hawaii.

16. During the pendency of the original litigation, INOC, YAMADA his wife and Yuji Iwata, Toshihiro Watanabe and Fujiya Honpo, Inc. formed a partnership where INOC would willfully and maliciously transfer business assets, including but not limited to the tofu making machinery, to Watanabe and FUJIYA to shield these assets from any attachment by SHIGEZO's resulting from the then pending litigation (hereinafter "Fraudulent Transfer").

17. At the time of the Fraudulent Transfer, INOC was known to be insolvent and its debts exceeded the fair market value of its assets.

18. Furthermore, no present and reasonably equivalent value was received by INOC in exchange for the Fraudulent Transfer of the assets

19. Rather, the Fraudulent Transfer was done for the purpose of willfully and maliciously defrauding SHIGEZO and hindering or delaying the collection of any claim by SHIGEZO's against INOC and YAMADA resulting from the then pending litigation.

20. On or about October 6, 2008, a Judgment was entered in favor of SHIGEZO against INOC and YAMADA, jointly and severally, in the amount of $141,865.40, in the action entitled *Shigezo Hawaii, Inc. v. INOC Corporation, et*

5
U.S. Bankruptcy Court - Hawaii   #11-90075   Dkt # 8-1   Filed  09/09/11   Page 5 of 11

*al*, Civil No. 07-1-0977-05(KSS), First Circuit Court, State of Hawaii.

21. Judgment was entered for Count I(Fraud), Count II (breach of contract), Count III(unjust enrichment), Count IV(breach of implied covenant of good faith and fair dealings), Count V(breach of employment contract), Count VII (breach of duty of loyalty), Count VIX (breach of trust) and Count X(conversion).

22. Thus, the pior judgment has determined that the debt was obtained by false pretenses, a false representation, or actual fraud within the meaning of 11 U.S.C. 523(a)(2)(A).

23. Thus, the prior judgment has determined that the debt was obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of 11 U.S.C §523(a)(4).

24. Thus, the prior judgment has determined that the debt represented willful and malicious injury by the debtor to another entity or to the property of another entity within the meaning of 11U.S.C. §523(a)(6).

1. Three days after the Judgment, on October 9, 2008, YAMADA's wife Emi Yamada incorporated a Hawaii Corporation, Soy to the World Incorporated, during the ten day automatic stay on collection activities against YAMADA and INOC imposed under Hawaii Revised Statutes §641-3 and Hawaii Rules of Civil Procedure Rule 62(a).

25. YAMADA on behalf of INOC consented to Emi Yamada's use of its

tradename, "Soy to the World" as the name for her corporation.

26. Upon information and belief, INOC's tradename "Soy to the World" was used by Emi Yamada's corporation , Soy to the World Incorporated, to confuse prior wholesale customers of INOC dba Soy to the World and end consumers of their tofu products; thus, transferring the goodwill, business contacts, and commercial reputation of INOC (dba Soy to the World) to Emi Yamada's corporation, Soy to the World Inc., without paying compensation for fair value to INOC.

27. During the litigation, INOC's business operations were transferred to Fujiya Honpo's business at 454 Waiakamilo Road Honolulu, Hawaii, and YAMADA then claimed that Yuji Iwata and Toshihiro Watanabe owned the tofu-making machine to willfully and maliciously hinder, delay and defraud SHIGEZO's collection activities.

28. On or about October 23, 2008, Writ of Execution was issued to attach assets of INOC.

29. On or about October 27, 2008, YAMADA and Yuji Iwata claimed that Iwata and Toshihiro Watanabe are co-owners of Tofu making machine.

30. On or about October 27, 2008, Toshihiro Watanabe sent a fax claiming that he was a creditor to YAMADA and has rights to Tofu Making Plant.

31. Due to the inability to acquire the assets of INOC or collect on the

7

U.S. Bankruptcy Court - Hawaii   #11-90075   Dkt # 8-1   Filed  09/09/11   Page 7 of 11

Judgment against YAMADA, SHIGEZO was unable collect the judgment or acquire its assets.

32. The tofu products were continued to be manufactured by YAMADA and sold under Soy to the World, hanaSoy, and FUJIYA brand/trade names in the course of partnership between Yuji Iwata, Toshiro Watanabe, YAMADA, Emi Yamada.

33. MUNEHIRO and EMI incorporated or organized and dissolved and terminated, various legal entities and registered tradename to shield personal and business assets from SHIGEZO.

34. These various legal entities are the *alter egos* of Emi Yamada and MUNEHIRO YAMADA.

35. YAMADA and conspirators continued to act willful and malicious injure SHIGEZO within the meaning of 11U.S.C. §523(a)(6).

36. On December 15, 2008, SHIGEZO sued YAMADA and other conspirators under the Uniform Fraudulent Transfer Act ("UFTA"; Hawai'i Revised Statutes Chapter 651C for damages against YAMADA and conspirators in *Shigezo Hawaii, Inc. v. INOC Corporation, dba Soy to the World Incorporated, Emi Yamada, dba Hana Soy, Munehiro Yamada, Yuji Iwata; Yoshihiro Watanabe, Fujita Honpo, Inc., Adamays LLC, and Doe Defendants*, Civil No. 08-1-2586 (RAN), First Circuit, State of Hawai`i (the "State Court Action").

8

37. YAMADA was a party defendant in the State Court Action for fraudulent conveyance and a nonjury trial was scheduled for the week of August 1 and later set for August 8, 2011.

38. On July 31, 2011, a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed by YAMADA in the United States Bankruptcy Court for the District of Hawaii, Case No. 11-02112.

39. On September 8, 2011, SHIGEZO removed the State Court Action in in the United States Bankruptcy Court for the District of Hawaii, Adv. No. 11-900754.

## COUNT I

40. SHIGEZO realleges all of the foregoing paragraphs as if fully set forth herein and which are incorporated herein by this reference.

41. YAMADA has, with the intent to hinder, delay or defraud SHIGEZO, transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed, property of SHIGEZO's debtor, INOC.

42. As a direct and proximate consequence of YAMADA's willful, malicious and unlawful acts, as described above, SHIGEZO has suffered damages (and will continue to suffer damages) in an amount to be shown at trial.

## COUNT II

9

43. SHIGEZO realleges all of the foregoing paragraphs as if fully set forth herein and which are incorporated herein by this reference.

44. YAMADA obtained the transfer of personal and business assets by false pretenses, false representations and/or actual fraud to frustrate the collection actions of judgment creditor SHIGEZO; this transference occurred both in anticipation of the results of the litigation taken against him and INOC by SHIGEZO and after Judgment was rendered against him and INCO

45. As a direct and proximate consequence of YAMADA's willful, malicious and unlawful actions, as described above, SHIGEZO has suffered damages (and will continue to suffer damages) in an amount to be shown at trial.

46. Thus, the claim brought by SHIGEZO against YAMADA should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6).

WHEREFORE, SHIGEZO prays that the Court:

A. Enter a judgment in favor of SHIGEZO and except from discharge the debt owed by YAMADA to SHIGEZO, and/or in the alternative, determine the non-dischargeability of the amount of the debt owed by YAMADA to SHIGEZO pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6); and

B. Award SHIGEZO its attorneys' fees and costs, and such other and further relief as the Court deems just and equitable.

DATED: Honolulu, Hawaii, _____.

_____
JUNSUKE OTSUKA
DAVID SQUERI
Attorneys for Creditor
SHIGEZO HAWAII, INC.